IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| BRANDON JAY DOUTHITT, | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 4:17-CV-966-A |
| DR. JOHN MILLS, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration in the above-captioned action the motion of defendant, Dr. John Mills,[1] to dismiss the claim of plaintiff, Brandon Jay Douthitt, against him. And, having considered the motion, plaintiff's response thereto, the record, and the applicable legal authorities, the court finds that the motion should be granted.

I.

Background and the Motion to Dismiss

Plaintiff's live pleading is his amended complaint. In it, he alleged:

Plaintiff, an inmate at Tarrant County Jail, sustained a non-displaced fracture to his left fibula after being assaulted by another inmate on October 8, 2017. When he returned from the

---

[1] Plaintiff's amended complaint does not indicate whether he brings his claims against defendant in his official or individual capacity. Therefore, the court assumes, as does defendant in his motion to dismiss, that plaintiff brings claims against defendant in both capacities.

hospital to Tarrant County Jail, he was ordered medication and restrictions, including an order that he sleep in a bottom row bunk bed, but not "[p]roper housing to allow [him] access to a handicap accessible shower."[2] Doc. 8 at 1, ¶ 2. On October 12, 2017, plaintiff fell while taking a shower, causing further injury to himself. He appears to allege that had he been granted access to a handicap accessible shower, rather than "a white plastic chair with a trashbag [sic] over it that [he] had to manuever [sic] in and out of the shower," id., that he would not have sustained such further injury. On October 16, 2018, plaintiff was treated by defendant, who evaluated him, ordered additional x-rays, and referred plaintiff to a pain management specialist. Based on these allegations, plaintiff brought a claim against defendant pursuant to § 1983 alleging that defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff summarized his deliberate indifference claim against defendant as follows:

> [After] being advised that I fell and re-injured by foot, Dr. John Mills knew that I faced a substantial risk of serious harm, by the action of slipping and falling if I did not have access to a handicap accessible shower. Being confirmed by x-rays that further injury took place Dr. John Mills failed

---

[2]Aside from defendant, plaintiff's amended complaint never names any of the personnel who treated him at the prison, instead it refers generally to "medical" and "medical staff." See Doc. 8. The "Doc.___" reference is to the number of the referenced item on the docket in this action.

2

personally to take any reasonable measures to prevent further injury.

Id. at 4-5, ¶ 8.

Although plaintiff's amended complaint made no mention of the damages sought by plaintiff, plaintiff's original complaint sought monetary damages.

Defendant moved to dismiss the deliberate indifference claim brought against him on the grounds that (1) any claim against him in his official capacity is barred by sovereign immunity, and (2) to the extent that he is being sued in his individual capacity, plaintiff has failed to state a claim.

III.

Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

3

of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

Analysis

A. <u>Claims Against Defendant In His Official Capacity</u>

To the extent that plaintiff may have intended to bring a claim against defendant in his official capacity, such claim is barred by sovereign immunity.

A claim for damages against a state official acting in his official capacity is tantamount to a claim against the state. <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars claims filed against a state without the state's consent. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Lewis v. Univ. of Texas Med. Branch at Galveston</u>, 665 F.3d 625, 630 (5th Cir. 2011). As there is no allegation that the State of Texas has in any manner waived its right to sovereign immunity with regard to § 1983 claims, plaintiff's claims against defendant in his official capacity must be dismissed.

B. <u>Claims Against Defendant In His Individual Capacity</u>

To the extent that plaintiff has brought a claim against defendant in his individual capacity, such claim also fails.

Inadequate medical treatment can constitute cruel and unusual punishment if the actions of the defendant exhibit deliberate indifference to a prisoner's serious medical needs.

5

Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference is an extremely high standard to meet." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious bodily harm and disregards that risk by failing to take measures to abate it. Farmer v. Brennan, 511 U.S. 825, 827 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Mere negligence, neglect, or medical malpractice does not constitute deliberate indifference. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam). "Nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). The "failure to alleviate a significant risk that [the official] should have perceived, but did not" likewise is insufficient to show deliberate indifference. Domino, 239 F.3d at 756 (citing Farmer, 511 U.S. at 838). Rather, an inmate "must show that [defendant] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other conduct that would clearly evince a wanton disregard for any serious medical needs." Id.

Moreover, supervisory officials cannot be liable under § 1983 on any theory of vicarious liability. A supervisory prison official may be held liable under § 1983 only if: "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011)(quoting Gates v. Tex. Dep't of Prot. & Reg. Servs., 537 F.3d 404, 435 (5th Cir. 2008)).

Plaintiff has pleaded no facts to allow the court to reasonably infer defendant was deliberately indifferent to his serious medical needs. According to plaintiff, defendant's personal involvement in plaintiff's treatment began on October 16, 2017. On that date, defendant was called by medical staff to evaluate plaintiff after plaintiff continued to experience pain in his foot related to his October 12, 2018, slip and fall in the prison showers. Plaintiff does not allege that defendant "refused to treat him, ignored his complaints, or intentionally treated him correctly." Domino, 239 F.3d at 756. To the contrary, plaintiff states that defendant examined him, ordered x-rays, and referred plaintiff to a pain-management specialist. Because plaintiff's real complaint seems to be that he disagrees with the treatment provided to him by defendant, rather than that

7

defendant was deliberately indifferent to his serious medical needs, his claim against defendant must be dismissed.

V.

Order

Therefore,

For the foregoing reasons,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed with prejudice.

SIGNED March 30, 2018.

_____
JOHN McBRYDE
United States District Judge